## SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between ESMARALDA FASHIONS INC., D/B/A ESMARALDA FASHIONS and DAVID ASHERIAN, on the one hand, ("Defendants"), and MIGUEL GIOVANNY AGUILAR, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiff"). Plaintiff and Defendants are hereinafter collectively referred to as the "Parties".

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Southern District of New York, entitled *Aguilar et al v. Esmaralda Fashions Inc. et al*, 1:19-cv-02602-ER (the "Civil Action");

WHEREAS the Defendants and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff;

WHEREAS, all Parties, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel who have considered the Plaintiff's range of possible recovery, the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses, the seriousness of the litigation risks faced by the parties, that the settlement is the product of arm's-length bargaining between experienced counsel, and there has been no fraud or collusion.

      1.    NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows: in consideration for the payment of NINE THOUSAND FIVE HUNDRED DOLLARS ($9,500.00) ("the Settlement Payment"), Plaintiff knowingly and voluntarily releases and forever discharges Defendants from all claims arising up to and as of the date of the execution of this Agreement which were forth in the Complaint and

which arose under The Fair Labor Standards Act; The New York State Labor Law; The New York wage, wage-payment, wage theft and wage-hour laws; amendments to the foregoing laws; and, any claim for costs, fees, or other expenses from the beginning of the world to the day and date Plaintiff signs this Agreement up to and including the date of the complete execution of this Agreement with regard to the aforementioned claims.

2. In further consideration of Plaintiff's knowing and voluntary release, as set forth in paragraph one (1): Defendants will not file or institute or cause to be filed or instituted any civil action, action, charge, or other proceeding of any nature or description against the Plaintiff before any judicial, administrative, arbitral or other forum based upon or arising out of Plaintiff's previous employment with the Defendants or any claims, whether asserted or not, that any Defendant may have against Plaintiff as of the date of this Agreement. Defendants further affirm that they have not filed, caused to be filed, or presently are a Party to any claims, charges, grievances, complaints, actions or proceedings of any kind against each other, other than the instant action, which Plaintiff agrees to the dismissal of with prejudice.

3. This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement or (2) Plaintiff's rights to enforce the terms of this Agreement.

4. The Settlement Payment shall be due and payable via certified bank check to "Michael Faillace & Associates, P.C. *as attorneys for* Plaintiff MIGUEL GIOVANNY AGUILAR" and delivered to Michael Faillace & Associates, PC, 60 E 42nd Street, Suite 4510, New York, NY, 10165. The Settlement Payment shall be due thirty (30) days after all the following conditions are met: (a) the parties have executed this Agreement and delivered the same to the other party's Counsel and (b) the Court approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, *whichever occurs last*.

5. Defendants shall issue an IRS Form 1099 to Michael Faillace & Associates, P.C. in connection with this payment. The total amount of the Settlement Payment shall be made without any tax withholdings and shall be reflected on a Form 1099 issued to Plaintiff's Counsel, subject to the Court's review and approval of this Agreement.

6. Within 14 days of Plaintiff's Counsel Receipt of the Settlement Payment, the parties will submit a stipulation to the court dismissing the Pending Action with prejudice. In the event that, for any reason, the court fails to dismiss this action with prejudice, the Settlement Payment shall be promptly returned to Defense Counsel.

7. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, interest, back wages, and liquidated damages. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

8. Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him and agrees to indemnify and hold Defendants harmless for any and all Federal, State and local taxes, interest and

penalties that are due, may become due or are otherwise assessed against Plaintiff or the Defendants, at any time, with the exception of Defendants' portion of FICA and FUTA, if any.

9. Upon delivery to the Defendants of this fully executed Agreement, the Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action with prejudice.

10. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff is a fair and reasonable resolution to this *bona fide* dispute.

11. Plaintiff agrees that he will not at any time in the future communicate with the Defendants. Defendants agree they will not, at any time in the future, communicate with Plaintiff by any means and in any fashion.

12. Plaintiff agrees not to defame, disparage or demean Defendants in any manner whatsoever; however, Plaintiff may make truthful statements about plaintiffs' experience litigating his case. The Defendants agree to refrain from taking any action or making any statements, written or oral, which disparage, demean, harm, or defame the Plaintiff and the goodwill or reputation of Plaintiff in any manner whatsoever. Defendants are to respond to any and all inquiries by third-parties regarding Plaintiff's employment with Defendants with a neutral statement consisting only of confirmation of Plaintiff's dates of employment and last position held to protect Plaintiff from any potential disparaging remarks by Defendant.

13. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

14. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

15. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

16. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

17. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

18. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

19. This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

20. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

21. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

22. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

23. It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys.

24. Plaintiff and Defendants agree that the Court shall retain enforcement jurisdiction over this Agreement to ensure the Parties' compliance with the terms and conditions of this Agreement.

Dated: 10/15, 2019

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & Release.

Plaintiff:

_____
MIGUEL GIOVANNY AGUILAR

Defendants:

ESMARALDA FASHIONS D/B/A
ESMARALDA FASHIONS INC

By: _____
David Asherian

4