# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

ctucker@faillacelaw.com

November 25, 2019

**BY ECF**
Hon. Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   Aguilar et al v. Esmaralda Fashions Inc. et al
    CASE #:  1:19-cv-02602-ER

Your Honor:

  This office represents Plaintiff Miguel Giovanny Aguilar ("Plaintiff") in the above referenced matter. Plaintiff writes jointly with defendants Esmaralda Fashions Inc (dba "Esmaralda Fashions"), and David Asherian (collectively, "Defendants") to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions and with the aid and advice of a neutral mediator through the Mediation Program of the United States District Court for the Southern District of New York. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to _Cheeks v. Freeport Pancake House, Inc._, 796 F.3d 199 [2d Cir. 2015] and dismiss the case with prejudice.

1. **Background**

  Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 _et seq._ (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 _et seq._, and pursuant to the Minimum Wage Order for Miscellaneous Industries and Occupations of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142- (herein the Miscellaneous Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

  Specifically, Plaintiff alleges he was employed from approximately 2009 to March 1, 2019. He was employed as a general assistant. During his employment, Plaintiff regularly worked over 40 hours a week, and was paid a weekly fixed salary that did not appropriately compensate him.

  Defendants categorically deny the allegations in the Complaint and vigorously defended its position that the Plaintiff did not work more than 40 hours a week day based on opening and closing records for the Store showing what time the Plaintiff entered and left the Store.

**2. Settlement Terms**

Throughout this litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. This case is also somewhat unusual in the FLSA context because the Defendants provided evidence to support a counterclaim to recover damages against Plaintiff under the "faithless servant" doctrine. Defendants vehemently denied Plaintiff's claims regarding the number of hours worked. Additionally, Defendants produced burglary alarm records showing Plaintiff's hours and identified witnesses who would support Defendants' position at trial. After evaluation of Defendants' records, which were relevant to this action and after extensive discussion at mediation, the parties have agreed to settle this action for the total sum of $9,500.00. The settlement shall consist in one payment of $9,500.00.

While based on the allegations in the Complaint, the Plaintiff was owed approximately $151,262.59 in unpaid wages, liquidated damages, statutory amounts for notice and statement violations and prejudgment interest; in light of records produced by the Defendants (including burglary alarm records indicating store hours and pay stubs), witnesses identified, and the anticipated testimony of the parties, Plaintiff could realistically expect substantially less in total damages, in the best case scenario.

Under Lynn's Food, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested There are sharply contested factual and legal disputes that go to the heart of Plaintiff's claims. Defendants produced burglary alarm records which established the business' hours, calculations of work that Plaintiff performed for other businesses, and indicated a willingness to bring forth witnesses and assert counterclaim.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an appropriate result, and should be approved as fair. See Meigel v. Flowers of the World, NYC, Inc., 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

**3. Plaintiff' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $3,706.32 from the settlement fund as attorneys' fees and costs.[1] This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $9,334.00. A copy of Plaintiff's billing record is attached as "Exhibit B." Plaintiff's counsel's fees are fair and reasonable because Plaintiffs' counsel

---

[1] $3,163.50 in attorneys' fees and $542.82 in costs.

2

is asking for less than the lodestar. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); Cohan v Columbia Sussex Mgt., LLC, 2018 US Dist LEXIS 170192 at *16 [EDNY Sep. 28, 2018, No. CV 12-3203] (AKT) ("Courts regularly award lodestar multipliers from two to six times lodestar.") (quoting Johnson v Brennan, 2011 US Dist LEXIS 105775 [SDNY Sep. 16, 2011]). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a result with relatively low expense. A brief biography of each attorney who performed billed work in this matter is as follows:

     i.     My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

     ii.     Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $300.00. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moot Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. Following law school, Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 personal injury actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. He licensed to practice

in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts.

Based on the foregoing, the parties respectfully submit that the Settlement Agreement reached herein was a reasonable compromise and pursuant to Cheeks, the parties request that the Court approve the Parties' Settlement Agreement as fair and reasonable.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/Michael Faillace
        Michael Faillace
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Attorneys for the Plaintiff

Enclosures